IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TAMMY PIZZITOLA,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:20-cv-02256 |
| **C.R. BARD, INC., et al.** | § § § | |
| **Defendants.** | § § § § | |

## DEFENDANT C. R. BARD, INC.'S MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant C. R. Bard, Inc. ("Bard") submits this Motion for Reconsideration (the "Motion") of the Court's August 31, 2020, Order on Bard's Motion for Summary Judgment (the "Order"). In support of its Motion, Bard respectfully shows the Court as follows:

## INTRODUCTION

Bard respectfully believes the Court made an inadvertent error in reaching its decision on Plaintiff's failure to warn claims. The Court denied Bard's Motion for Summary Judgment because the Court found a genuine issue of material fact as to whether Plaintiff's implanting physician would have changed his decision to use the Alyte Y-Mesh Graft ("Alyte") with Plaintiff had Bard warned him the Material Safety Data Sheet ("MSDS") for the polypropylene resin used in manufacturing the Alyte device cautioned against using the material in the human body. In support of this decision, however, the Order cites deposition testimony from the implanting physician that conclusively establishes he still would have implanted the Alyte mesh had he known about the MSDS caution language. Bard respectfully believes this contradiction is the result of

- 1 -

inadvertent oversight due to Bard's failure to emphasize this language more in its Reply. Therefore, Bard respectfully requests that the Court exercise its discretion under Rule 54(b) to reconsider a portion of its Order and to revise its decision by granting summary judgment in favor of Bard as to Plaintiff's failure to warn claims (Counts I and III).

## LEGAL STANDARD

"[T]he denial of a motion for summary judgment is an interlocutory order." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). "Rule 54(b) applies to motions to reconsider interlocutory orders that do not dispose of every claim or resolve the rights of all parties to the litigation." *Flores v. Harris*, No. H-17-3817, 2019 U.S. Dist. LEXIS 119163, at *4-5 (S.D. Tex. July 17, 2019); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . .").

"Under Rule 54(b), the court may reconsider, rescind or modify an interlocutory order for a cause seen by the court to be sufficient." *Flores*, 2019 U.S. Dist. LEXIS 119163, at *5 (internal quotations omitted). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere*, 910 F.2d at 185). "Rule 54(b) motions to reconsider interlocutory orders are considered more leniently than motions filed under the more exacting Rule 59(e) standard" that seek to amend a final judgment. *Flores*, 2019 U.S. Dist. LEXIS 119163, at *5.

## ARGUMENT

Plaintiff's failure to warn claims turn on whether the record establishes that Plaintiff's implanting physician, Dr. Peter M. Lotze, would have changed his decision to use the Alyte mesh for Plaintiff's surgery had Bard warned him regarding the "medical application caution" language in the MSDS.  Bard argues that although Dr. Lotze was unaware of this caution language at the time of Plaintiff's surgery, the undisputed evidence shows Dr. Lotze would not have changed his prescribing decision had he known about the caution language.  *See* ECF No. 116 at 10-12. Plaintiff argues a fact issue exists if the Court assume Dr. Lotze would have changed his decision because he was unaware of the caution language until presented with it during his deposition.  *See* ECF No. 110 at 12-14.  In its Order, the Court ruled that Bard "failed to show there is an absence of general issue of material fact as to whether Dr. Lotze would have prescribed the Alyte mesh had he known about the device's 'medical application caution.'"  ECF No. 134 at 16.  Thus, the Court concluded, "[T]here is a genuine issue of material fact as to whether Dr. Lotze would have changed his decision in using the Alyte mesh had he received a different warning.  Accordingly, Defendants' Motions for Summary Judgment as to the failure to warn claim are DENIED."  *Id.*

Bard respectfully submits it did show through Dr. Lotze's deposition testimony that no genuine issue of material fact exists as to whether Dr. Lotze would have changed his decision if Bard warned him about the caution language—Dr. Lotze's testimony establishes that he would ***not*** have changed his decision:

> Q. Did the questions that plaintiff's counsel asked you about this Material Safety Data Sheet, does that change your opinion on whether or not the Alyte was a safe and effective method to treat Ms. Pizzitola's prolapse?
> A. No, sir.

ECF No. 107-3 at 176:6-13.  In other words, Dr. Lotze testified that notwithstanding the fact that Plaintiff's counsel told him the MSDS for the polypropylene resin used in manufacturing the Alyte

- 3 -

device cautioned against using the material in the human body, he still believed the Alyte was a safe and effective method to treat Plaintiff's prolapse. This testimony negates the purported fact question as to whether Dr. Lotze still would have implanted the Alyte in Plaintiff had he known about the "medical application caution" language in the MSDS. As such, Bard is entitled to judgment as a matter of law on Plaintiff's failure to warn claims because Plaintiff failed to establish proximate cause (an element of her prima facie case on her failure to warn claims) by showing a different warning would have changed Dr. Lotze's decision to use the Alyte for Plaintiff's surgery. *See* ECF No. 134 at 13 ("Absent evidence that a different warning would have changed the physician's decision to use the device, the inadequate warning cannot have caused a plaintiff's injury.").

Bard respectfully believes the contradiction between the Order and the supporting evidence is the result of inadvertent oversight. Bard believes this oversight was inadvertent given the Court's multiple citations to this exact testimony. *See* ECF No. 134 at 16 (citing "Instrument 107-3 at 46 [176:5-13]" twice).[1] In hindsight, Bard was remiss in not emphasizing this testimony more in its Reply. *See* ECF No. 116 at 11.

Therefore, Bard respectfully requests that the Court exercise its discretion under Rule 54(b) to reconsider a portion of its Order in light of this testimony and to reverse its decision with respect to Plaintiff's failure to warn claims. Bard does not seek reconsideration of other aspects of the Order, but, if the entirety of the Order stands, the Court's decision will remain contradicted by the evidence the Court purportedly relied upon. Bard believes remedying this contradiction by reversing a portion of the Order is an appropriate use of the Court's "inherent power . . . to afford

---

[1] "Instrument 107-3" is Dr. Lotze's deposition transcript, which was attached to Bard's Motion for Summary Judgment.

such relief from interlocutory judgments as justice requires." *Austin*, 864 F.3d at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (2015)) (internal quotations omitted).

## CONCLUSION

For these reasons, Bard respectfully requests the Court enter an order (1) granting Bard's Motion for Reconsideration, (2) revising the Order by granting Bard judgment as a matter of law as to Plaintiff's failure to warn claims (Counts I and III), and (3) for all further relief the Court deems just and proper.

Dated: September 29, 2020

Respectfully submitted,

*/s/ Julie A. Hardin*

Julie A. Hardin
(Attorney-in-charge)
Texas State Bar No. 24013613
Federal ID No. 26459
jhardin@reedsmith.com
Caitlin A. Chambers
Texas State Bar No. 24091420
S.D. Tex. Bar No. 3089465
cachambers@reedsmith.com
811 Main Street
Houston, Texas 77002
Telephone: 713.469.3644
Facsimile: 713.469.3899

*Attorneys for Defendant, C. R. Bard, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for all parties and this Motion is opposed.

*Julie A. Hardin*
Julie A. Hardin

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I electronically filed the foregoing document with the Clerk of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. It has been served via ECF and/or electronic mail to all parties.

*Julie A. Hardin*
Julie A. Hardin